IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DENNIS EARL GHOLSTON, SR., :
    Petitioner              :
                          :         No. 1:22-cv-875
    v.                    :
                          :        (Judge Rambo)
WARDEN OF             :
SCI-CAMP HILL, *et al.*,  :
    Respondents      :

## MEMORANDUM

Presently before the court is *pro se* Petitioner Dennis Earl Gholston, Sr. ("Gholston")'s petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the petition will be dismissed with prejudice as procedurally defaulted.

## I.    BACKGROUND

Gholston is currently incarcerated in Wernersville Community Correction Center in Wernersville, Pennsylvania. He filed the instant petition while he was incarcerated in Camp Hill State Correctional Institution ("SCI-Camp Hill") in Camp Hill, Pennsylvania. (Doc. No. 1.) The petition seeks to challenge his 2021 convictions for driving under the influence in the Monroe County Court of Common Pleas. (Id.) The charges were docketed in state court at *Commonwealth v. Gholston*, No. CP-45-CR-0001718-2019 (Monroe Cnty. Ct. of Common Pleas filed July 22, 2019), and *Commonwealth v. Gholston*, No. CP-45-CR-0002916-

2019 (Monroe Cnty. Ct. Common Pleas filed Dec. 2, 2019).  Gholston pleaded

guilty to the charges in 2021.  *Id.*

After several service errors and extensions of time, Respondents responded

to the petition on December 12, 2023.  (Doc. Nos. 43, 45.)  Respondents request

dismissal of the petition for failure to exhaust state court remedies.  (Doc. No. 45.)

Gholston has not filed a reply brief, and the deadline for doing so has expired

under the Local Rules.  The petition is accordingly ripe for review.

## II.    DISCUSSION

Before seeking habeas corpus relief in federal court, a state prisoner must

exhaust remedies in state court.  28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v.

Boerckel*, 526 U.S. 838, 842 (1999).  To do so, the petitioner must "give the state

courts one full opportunity to resolve any constitutional issues by invoking one

complete round of the State's established appellate review process."  *O'Sullivan*,

526 U.S. at 842.  To be deemed exhausted, a federal habeas corpus claim must be

"fairly presented" in state court, meaning that the petitioner must present the

claim's "factual and legal substance to the state courts in a manner that puts them

on notice that a federal claim is being asserted."  *Bronshtein v. Horn*, 404 F.3d

700, 725 (3d Cir. 2005) (internal citations and quotation marks omitted).  The

petitioner must present the claims in state court in accordance with state procedural

rules.  *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).  When a claim has not

been exhausted in state court and state procedural rules bar the petitioner from any further attempts to exhaust the claim, it is procedurally defaulted. *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022). Federal courts may not consider procedurally defaulted claims unless a petitioner has shown cause for the procedural default and prejudice that would result from the procedurally defaulted claim not being considered on its merits in federal court. *Id.*

The court will dismiss this petition with prejudice as procedurally defaulted. The records of Gholston's state court cases show that he did not file a direct appeal of his convictions to the Pennsylvania Superior Court. *Gholston*, No. CP-45-CR-0002916-2019; *Gholston*, No. CP-45-CR-0001718-2019. Although Gholston filed a petition for state collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA") in both cases, the state court records reflect that these motions were denied and that he did not appeal the denials to the Superior Court. *Id.* Gholston has accordingly failed to exhaust state court remedies because he has not asserted his claims through one complete round of state appellate review.

Pennsylvania procedural rules bar Gholston from bringing his claims in any subsequent state proceedings. Gholston's convictions became final on January 4, 2022, *see id.*, meaning that any direct appeals of his convictions needed to be filed no later than February 3, 2022. *See* Pa. R. App. P. 9(a). Similarly, his PCRA petitions were denied on January 28, 2022, *see Gholston*, No. CP-45-CR-0002916-

2019; *Gholston*, No. CP-45-CR-0001718-2019, so any appeals related to his PCRA

petitions needed to be filed no later than February 27, 2022.  *See* Pa. R. App. P.

9(a).  Because Gholston can no longer comply with these deadlines, his claims are

procedurally defaulted.

Gholston has not advanced any argument to show that there is sufficient

cause and prejudice to excuse the procedural default of his claims other than the

conclusory statement that he "didn't know what [he] was doing."  (Doc. No. 1 at

6.)  This statement is not sufficient to excuse the procedural default of his claims.

Ignorance of the law does not constitute cause for a procedural default.  *Cristin v.*

*Brennan*, 281 F.3d 404, 420 (3d Cir. 2002) (citing *Coleman v. Thompson*, 501 U.S.

722, 752 (1991)).

## III.   CONCLUSION

For the foregoing reasons, Gholston's petition for writ of habeas corpus will

be dismissed with prejudice.  A certificate of appealability will not issue because

jurists of reason would not debate the correctness of this procedural ruling.  *Slack*

*v. McDaniel*, 529 U.S. 473, 484 (2000).  An appropriate Order follows.


s/ Sylvia H. Rambo
United States District Judge


Dated: March 26, 2024